AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED BY _____ D.C.
JAN 26 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| | |
|---|---|
| United States of America<br>v.<br>HECTOR EDUARDO RAMIREZ-GUTIERREZ,<br><br>Defendant(s) | )<br>)<br>)  Case No.  17-8035-WM<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 10, 2017__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, USC §§ 1326(a) and (b)(2) | Illegal re-entry after removal. |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Edgar Gonzalez, CBP Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/26/2017

_____
Judge's signature

City and state:    West Palm Beach, Florida         William Matthewman, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF
# BORDER PATROL AGENT EDGAR GONZALEZ
# US BORDER PATROL, CUSTOMS AND BORDER PROTECTION
# U.S. DEPARTMENT OF HOMELAND SECURITY

Your affiant, Edgar Gonzalez being duly sworn, depose and state that:

1. I am a Border Patrol Agent with the Department of Homeland Security, Customs and Border Protection (CBP) (formerly Immigration and Naturalization Service), and have been so employed for over seven (7) years. I am currently assigned to the West Palm Beach Border Patrol Station, Riviera Beach, Florida. The station is located in the Southern District of Florida.

2. As a Border Patrol Agent, my duties include the detection and interdiction of individuals illegally entering the United States, and those aliens who are currently within the United States illegally. I am trained in detecting and locating individuals suspected of assisting aliens in their illegal entry into the United States by any means. I am also responsible for the investigation and processing of aliens who are entering or residing illegally in the United States as well as the investigation of people responsible for the smuggling of such undocumented aliens.

3. This affidavit is based, in part, on my review of the U.S. Citizenship and Immigration Service (USCIS) File Number A******882, court documents and reports, and interviews of Defendant. The statements contained in this affidavit are based upon my own personal knowledge, as well as information provided to me by other law enforcement officials and employees of CBP. I have not included in this affidavit each and every fact and circumstance known to me, but only the facts and circumstances that I believe are sufficient to establish probable cause that Hector Eduardo RAMIREZ-Gutierrez, has committed a violation of Title 8, United States Code, Section 1326 (a) and (b) (2), illegal re-entry into the United States after deportation.

1

4.      On January 10, 2017, Police Officer Garofalo, of the Boynton Beach Police Department, responded to a local retail store regarding a subject involved in retail theft. Upon making contact with the subject and requesting identification, the subject had in his possession a driver license from Mexico with his picture on it. At that point, the officer contacted the West Palm Beach Border Patrol for assistance in establishing alienage of the subject.

5.      The subject was arrested and charged with Grand Theft, possession of an anti-shoplifting device, and providing false information to a law enforcement officer. He was then transported to the Boynton Beach Police Department.

6.      Border Patrol Agent Jeffrey Martinez responded to the Boynton Beach Police Department where he identified himself as a Border Patrol Agent to the subject in the English language. The subject responded in the Spanish language and stated he spoke limited English and would prefer to be spoken to in Spanish. Agent Martinez identified himself as a Border patrol Agent again to the subject in the Spanish language and conducted an immigration inspection of the subject.

7.      The subject identified himself as Hector Eduardo RAMIREZ-Gutierrez and freely and voluntarily admitted to being illegally in the United States and was not in possession of any alien registration / immigration documentation that would allow him to enter, work, travel through, or remain in the United States. He further stated that he illegally entered the United States by walking across the international boundary from Mexico into the United States sometime in 2011.

8.      Agent Martinez utilized a mobile fingerprint scanner to record and submit the subject's fingerprints electronically through both the Integrated Automated Fingerprint Identification System (IAFIS), as well as the Automated Biometric Identification System

2

(IDENT) in order to search for prior encounters with immigration and law enforcement. The automated systems positively identified the subject as Hector Eduardo RAMIREZ-Gutierrez with a positive match to Alien Registration number XXXXXX882 and FBI number XXXXXAAO.

9. A review of law enforcement indices showed that RAMIREZ-Gutierrez, is a citizen of Mexico, and was ordered removed on January 11, 1999, and removed from the United States on or about January 12, 1999. Additional records show that he was also removed from the U.S. on February 28, 1986; May 2, 2000; May 24, 2001; July 31, 2006; November 6, 2007; and November 25, 2011.

10. On January 7, 2005, RAMIREZ-Gutierrez, in the Eastern District of Missouri, was convicted of violating Title 8, United States Code, Section 1326 (a) and (b) (2) (Illegal Re-Entry of a Removed Alien into the United States), and sentenced to 28 months imprisonment.

11. On October 10, 2006, RAMIREZ-Gutierrez, in the Southern District of California, was convicted with violating Title 8, United States Code, Section 1325 (Entry Without Inspection), and sentenced to 6 months imprisonment.

12. In July 2000, the subject was arrested by the Anaheim Police Department for Theft. He was convicted and sentenced to 14 months in jail (Aggravated Felony).

13. On November 19, 2009, RAMIREZ-Gutierrez, in the Northern District of Alabama, was convicted for violation of Title 8, United States Code, Section 1326, sub sections (a) and (b) (2) (Illegal Re-Entry of a Removed Alien into the United States, subsequent to a conviction of an aggravated felony as defined under Section 103 of the Immigration and Nationality Act) and sentenced to 37 months' imprisonment.

14. Record checks through the Department of Homeland Security databases failed to

3

locate that he ever filed Form I-212 (Application for Permission to Reapply for Admission into the United States After Deportation or Removal), or had received permission from the Secretary of the Department of Homeland Security or The Attorney General allowing him to re-enter the United States.

15. A Certificate of Non-Existence of Record was obtained from the United States Citizenship and Immigration Services, Royal Palm Beach, Florida, and confirmed that RAMIREZ-Gutierrez did not obtain permission from the Attorney General or the Secretary of Homeland Security to legally return to the United States after removal.

16. Upon obtaining copies of the documents from RAMIREZ-Gutierrez' alien registration file, a fingerprint comparison was conducted by Supervisory Border Patrol Agent John R. Solek (Certified Fingerprint Examiner), which confirmed that the fingerprints taken by the Palm Beach County Sheriff's Office (Official ID# 8349) on a Fingerprint card bearing the name RAMIREZGUTIERREZ, Hector Eduardo, with a listed date of arrest of 01/10/17, matched the fingerprints of an electronic Fingerprint card, bearing the name RAMIREZ-Gutierrez, Hector, with a listed date of arrest of 04/06/07.

17. The Fingerprint Comparison conducted also match a Warrant of Deportation (Form I-205), bearing the name Hector Eduardo RAMIREZ-Gutierrez, with an A-File number of XXX XXX 882, listing a date of departure as 11/25/11.

(Remainder of page intentionally left blank.)

WHEREFORE, based on the foregoing, I submit that there is probable cause to believe that Hector Eduardo RAMIREZ-Gutierrez has committed a violation of Title 8, United States Code, Section 1326(a) and (b)(2), illegal re-entry into the Unites States after deportation.

FURTHER AFFIANT SAYETH NAUGHT.

_____
EDGAR GONZALEZ
BORDER PATROL AGENT
CUSTOMS AND BORDER PROTECTION


SWORN TO AND SUBSCRIBED
BEFORE ME THIS **26** th   DAY OF JANUARY, 2017
WEST PALM BEACH, FLORIDA.


_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.   17-8035-WM

UNITED STATES OF AMERICA

vs.

HECTOR EDUARDO RAMIREZ-GUTIERREZ,

    **Defendant.**

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
AURORA FAGAN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0188591
500 S. Australian Ave, Ste. 400
West Palm Beach, Florida  33401
TEL (561) 820-8711
FAX (561) 820-8777
Aurora.Fagan@usdoj.gov